**James Randall DURHAM, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 1, 1977.

Discretionary Review Denied Oct. 24, 1977.

David E. Murrell, Deputy Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., William H. Mohr, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, HOWARD and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

Appellant was convicted of armed robbery on February 2, 1976, by a jury and was sentenced to ten years in prison. The victim identified the appellant within two hours after the robbery as a man who was driving a white 1974 Grand Prix automobile which stopped him on I-75 near London, Kentucky, and robbed him at gunpoint of $46.00. The victim identified the appellant's automobile. When the appellant came out of his apartment with the police

he was able to positively identify his assailant when a hat was placed on his head, even though the appellant had shaved off his moustache.

This Court affirms the judgment of the trial court and the jury verdict.

The issues presented are:

1) Whether the trial court committed reversible error in refusing to suppress identification evidence because the police interfered with the privacy of the appellant prior to the identification of the appellant by the victim.

2) Whether the show-up identification procedure was so suggestive that it violated the due process clause of the Fourteenth Amendment of the Federal Constitution.

■ The appellant was not subjected to any unconstitutional arrest, detention or other invasion of his privacy in violation of the Fourth Amendment of the Federal Constitution. The trial court did not commit any reversible error in refusing to suppress the identification evidence in this instance. The appellant's attack on the identification evidence was not properly preserved for appellate review. The record is completely devoid of any reference by trial counsel to the appellant being required to leave his apartment as part of an unlawful detention. The record does not convince this Court that there is any manifest injustice which would require this Court to look beyond such lack of preservation. However, a review of the total record indicates that there was no significant restraint of liberty which is a requirement of any arrest. The defendant was not deprived of his freedom in any significant way. The appellant testified in his own defense and stated that he voluntarily emerged from his apartment and approached the officers. It is clear that there can be no detention when a person is conscious of no restraint. The record reveals that the appellant shaved off his moustache between the time the police first approached his apartment and the time he came down to the car to confront the victim. The appellant gambled on that confrontation and lost.

■ The show-up identification was not so impermissibly suggestive as to create a substantial likelihood of mistaken identification, and therefore the appellant's rights to due process under the Fourteenth Amendment of the Federal Constitution were not violated. This record indicates that the identification of the appellant was not so unreliable as to render it constitutionally improper or ineffective. The United States Supreme Court has indicated that the identification procedure must be reliable. *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). The victim gave a complete and accurate description of his assailant. Although the robbery occurred at night, he had a close physical encounter with the appellant and the headlights from the appellant's car illuminated the scene of the robbery. The victim maintained a high degree of certainty throughout the identification investigation. When shown various photos by the police he correctly identified the first photo presented to him as the appellant's brother. His reliability was further documented by his reluctance to pick the appellant out of a group photo of twenty to thirty students in a high school annual. The victim again exercised caution before making any statement when actually confronting his assailant since the appellant had shaved off his moustache and was not wearing a hat. When the hat was placed on the appellant's head he was able to positively identify his assailant. The entire proceeding was completed within two hours of the robbery. Under all the circumstances, the instant show-up identification was not so suggestive as to violate his constitutional rights.

Therefore, the judgment of the trial court and the jury verdict is affirmed.

All concur.